## No. 6838.

STATE EX REL. VICTOR BOUTROUE VS. THE JUDGE OF THE THIRD DISTRICT COURT OF ORLEANS ET AL.

This court has direct and exclusive jurisdiction of appeals in *all* cases whether instituted in district, or justices' courts, where the constitutionality and legality of a tax is put at issue; irrespective of the amount in dispute. And this jurisdiction will not be ousted, or impaired because there are questions of fact in the case, distinct from that of the constitutionality of the tax. In all cases, except criminal cases, of which this court is vested of jurisdiction, it has authority to pass on all questions of fact, or of law, involved; and the appellant from a judgment of a justice's court, involving the constitutionality of a tax, can not defeat the jurisdiction of this court by waiving that issue, and appealing to the Third District Court on a mere issue of fact in the case.

In order that this court may have a record before it, in those cases where appeals from a justice's court are allowed, it is the duty of the justice whose judgment has been appealed from, to make to this court a certified statement of all the facts of the case, and every thing on file in the suit.

APPLICATION for writs of prohibition and mandamus.

*Labatt & Clinton* and *J. Buisson* for relator.

*Sam. P. Blanc* and *Jas. H. Grover* for respondents.

The opinion of the court on the original hearing was delivered by SPENCER, J., and on the rehearing by DEBLANC, J.

SPENCER, J. Relator instituted suit before the Seventh Justice of the

Peace for the parish of Orleans against the city of New Orleans to recover the sum of thirty dollars which he alleged the city had exacted of him, under a certain ordinance which he alleged to be unconstitional and void. The city answered denying the unconstitutionality of said ordinance, and denying that plaintiff had ever paid the license in question. On these issues the case was tried, and there was judgment in favor of plaintiff for the amount claimed. The city thereupon took a suspensive appeal to the Third District Court. Relator appeared in the Third District Court, and moved to dismiss the appeal on the ground that the appeal from said judgment-must be taken to the Supreme Court direct from the magistrate's court, since the question involved the legality and constitutionality of a license tax levied by said city. The judge of the Third District Court overruled the motion to dismiss, and the justice of the peace refuses to issue execution, or rather to afford the necessary remedy to enable plaintiff to register and budget his judgment against the city.

Relator claims that the justice of the peace is guilty of a denial of justice, and that the Third District Court has usurped a jurisdiction belonging to this court. He therefore prays for a mandamus to the former, and a prohibition to the latter. The justice of the peace makes no answer. The judge of the Third District Court shows as cause why the writ prayed for against him should not issue, as follows:

That the plaintiff in said suit demanded the repayment of thirty dollars from the city, because, as alleged, the ordinance levying it was unconstitutional. That the city for answer, while denying the unconstitutionality of the ordinance, also denied that plaintiff ever paid the thirty dollars as alleged. That the question of payment *vel non*, as well as that of the constitutionality of the ordinance was involved, and that defendant has a right to have an appeal as to both questions. That by article eighty-two of the constitution, and laws passed thereunder, all appeals in the parish of Orleans from justices of the peace are returnable to the Third District Court, when the amount in dispute exceeds ten dollars except in cases provided by article seventy-four of the constitution. That article seventy-four confers appellate jurisdiction on the Supreme Court when the constitutionality of any tax is in question, regardless of amount, with a view to the proper determination of questions of constitutional law, and not with a view to the revision of judgments upon mere questions of fact in cases involving less than $500.

That the defendant may waive the question of constitutional law, and appeal only for a revision of the judgment upon questions of fact. That the proceedings before justices of the peace being verbal, there was no evidence in the record in question enabling the Supreme Court to pass upon the facts, and that in effect, by appealing to the Third Dis-

State ex rel. Boutroue vs. Judge of the Third District Court.

trict Court, the defendant had waived the question of constitutionality of the ordinance, and limited itself to that of fact; to wit: *payment vel non*, a question of which the judge thinks this court has no cognizance. These reasons of the judge *a quo* are certainly plausible, but are not, we think, maintainable under the language of article seventy-four. That article declares that the appellate jurisdiction of this court extends " to all cases in which the constitutionality or legality of any tax      *      * is in question, whatever be the amount thereof; and in such cases the appeal shall be direct from the court in which the case originated to the Supreme Court; and in criminal matters, *on questions of law only*, whenever," etc. It is manifest that it is *in criminal cases only* that our jurisdiction is confined *to questions of law*. In all other cases it extends *to the law* and *the facts*. And if this court is vested with appellate jurisdiction of *the law and facts*, in " all cases in which the constitutionality and legality " of a tax is drawn into question, that jurisdiction is necessarily exclusive, and we think the constitution so declares it, when it provides that " the appeal shall be direct " to this court. It is admitted that the suit in the Seventh Justice's Court did involve the constitutionality and legality of the city ordinance imposing the tax in question. That being the fact, there was no appeal except to this court, which alone has jurisdiction of the law and the facts.

It is therefore ordered and decreed that the preliminary writ of mandamus directed to the Seventh Justice of the Peace of the parish of Orleans, and of prohibition directed to the judge of the Third District Court of said parish, be made peremptory, and that respondents pay costs.

----

### On Rehearing.

DeBlanc, J. When, of our own motion, we granted a rehearing of this cause, we did so not that we had discovered any error of law or fact in our first decision, but because of the averred and acknowledged importance of that decision to the city of New Orleans and its taxable inhabitants.

The relator brought suit against the city, to recover from it the sum of thirty dollars, which he alleges he was compelled to pay and which he did pay, in error and without any obligation on his part, for a license to carry on his business as a retail merchant. That suit *originated* in and was tried and decided in favor of plaintiff by the Seventh Justice Court for the parish of Orleans. From that decision the city appealed to the Third District Court.

Has that court appellate jurisdiction of that suit, or of any branch of that suit? The seventy-fourth article of the constitution of 1868

provides, in terms which have but one meaning and from which no inference adverse to that meaning can be drawn, that the appellate jurisdiction of the Supreme Court shall extend to all cases in which the legality and constitutionality of any tax shall be in contestation, and we have before us the indisputable evidence that the actual contestation between the city and relator does involve the legality and constitutionality of a tax.

If we have jurisdiction, is it limited—as contended by the judge of the lower court and the city's counsel—to exclusively the questions of either the legality or constitutionality of the tax? We believe not: under our legislation, no appeal can ascend by fractions from an inferior jurisdiction to both an intermediate and the highest jurisdiction. The constitution does not provide that we shall have jurisdiction only as to the legality or constitutionality of a disputed tax, but that our jurisdiction shall extend to such a case " whatever may be the amount of the tax imposed—even, of course, if that amount were so insignificant as not to authorize an appeal from the justice's court, to the Third District Court. The form and indeed every syllable of article seventy-four of the constitution repels the exceptional interpretation urged by defendants.

The party cast is entitled to but one appeal ; that appeal can not be divided, and returned—as to the facts in one jurisdiction, and in another as to the law applicable to those facts. What—otherwise—might be the result? This court, to pass upon and determine the questions of constitutionality and legality, would—of necessity—have to assume the existence of facts, which—in the other court—might be absolutely contradicted by the evidence; and then how execute the fractional judgments hatched in two distinct jurisdictions ?

Were we to merely pronounce the illegality or unconstitutionality of a tax, without reversing the judgment already rendered to enforce its levy or payment, what would be—to any one of the litigants—the value of our decision ? Were we to reverse the judgment appealed from, we might be told—under defendant's interpretation of two clauses of the State constitution: your court has exceeded its power, for that power was exhausted as soon as the illegality or unconstitutionality of the tax was by you discovered and declared. If so, what—after that discovery and declaration—shall we do with the balance of the case? To which court remand it? Shall it be to the court in which it originated, or to an intermediate one which alone—it is urged—has appellate jurisdiction of the questions of facts ?

The constitution provides—it is true—that the " Third District Court shall have exclusive jurisdiction of appeals from justices of the peace;" not including—there can be no doubt about this—those appeals which, regardless of the amount involved, are to be sent—in obedience to

the seventy-fourth article of the same constitution—from the court in which the cases originated, to the Supreme Court.

The article of the Constitution of 1868 differs, in regard to the appellate jurisdiction of this court, from that of the Constitution of 1845; by the latter, its appellate jurisdiction was limited to questions of law alone in criminal matters and in matters of fines, forfeitures and penalties imposed by municipal corporations—whilst under the former, that of 1868, its jurisdiction — except in criminal cases— extends to both the law and the facts.

'Const. of 1845, art. 63—Const. of 1868, art. 74.

There is—between the two articles cited—another, a marked, an important difference: the constitution of 1868 provides that, in such cases, the appeal shall be direct from the court in which they originated to the Supreme Court: no such provision is to be found in the constitution of 1845, and, considering the differences which exist between the constitution referred to, the opinion delivered, in 1846, by the eminent jurist who was then the president of this court, is not applicable to this controversy and in no way sustains the construction placed by defendants' counsel on the article of the constitution of 1868.

The Third District Court has not a concurrent appellate jurisdiction with this Court: if it has jurisdiction of plaintiff's case, or of any of its branches, we have not: if we have, the jurisdiction of the Third District Court can not partly attach where ours does, and extends to every branch of the litigation.   It was and still is our conviction that we alone can hear and determine the appeal when—as plainly written in the Constitution—the matter in dispute exceeds $500, and—besides — in any and every case wherein the constitutionality or legality of a tax is contested, whatever may be the amount involved in said case: otherwise, in a suit involving less than ten dollars and the constitutionality or legality of a tax—howsoever evident it is that the parties would be entitled to an appeal, every avenue to a higher jurisdiction would be effectually closed by defendant's interpretation, as under the law the appeal could not be taken to the Third District Court, and much less to ours under said interpretation, unless we conclude that our jurisdiction embraces and reaches only that class of cases which can not rise to and reach that of the Third District Court.

Were it conceded that—in such cases—our court alone can pass upon the question of legality and unconstitutionality of the tax—and that the decree of the justice's court is based on the twin facts, that the tax levied was unconstitutional, and that—though not due—that tax was paid under compulsion and protest, the Third District Court could neither reverse, nor affirm the decree—for its authority would end with a decision of the facts as to the payment of the tax and the circumstances

under which it was made, and ours commence where the other ended—
but, how take and carry the appeal from the district court? That could
be done only by ignoring that clause of the constitution which com-
mands that the appeal shall be direct from the court in which the case
originated, to the Supreme Court—or by trying in the district courts the
facts which—according to the defence—are triable there, to afterwards·
remand the case to the justice's court, and to then carry it from that,
original jurisdiction to ours. If so, the constitutional route leading to
the constitutional remedy would be discouragingly long.

As the court in which this case originated is not one of record, it.
can not avail defendants that, in the petition filed in said court, the
ordinance attacked as being unconstitutional, and the article of the con-
stitution alleged to have been violated, are not specially described
and designated. In a case like this one, the law expressly provides.
that it shall be the duty of the justice—upon application of either of
the parties—to make out a record containing—not merely what may be
on file in the suit, but a complete statement of the facts which happened·
during the trial and certify the same to the Supreme Court.

Rev. Statutes of 1870. Sect. 2086.

In that instance, those who represented the city in the lower court.
could not have been taken by surprise—for, though plaintiff might have
proceeded in the justice's court without a written petition, he did file·
one in which he indicates as the unconstitutional ordinance attacked by
him, that under which the tax of thirty dollars was imposed, and we are·
bound to presume that he completed—by the production of the assailed
ordinance—the perhaps too vague and too general averments of his·
pleading.

This, however, is a defence which could be considered, only on the·
trial of an appeal actually returned in this court, on an exception to·
the pleading for its pretended vagueness and duplicity, and not on, it
may be, an incomplete record improperly returned to a court wherein
the cases brought on appeal from the justice's court are tried *de novo*,
in the last resort, and without a statement of facts. Besides, that de-
fence, now urged in argument, was not made in the answer to plaintiff's.
action filed by the city in the lower court, nor in that of the district.
judge to the writ of prohibition.

Defendants contend that even if plaintiff paid a license without
being bound to do so, it was paid under a natural obligation to contrib-
ute to the support of the city government, and he can not recover back
the amount of said license. If—through error or compulsion—plaintiff
paid to the city a license which the city had no right to claim from him
—if what he was thus compelled to pay was in excess of the contribu-
tion which could have been constitutionally or legally required of him,

State ex rel. Boutroue vs. Judge of the Third District Court.

the city would certainly be bound to restitute what it may have so received in violation of the constitution and laws of the State; but the case in which that defence was presented is not before us—and we are not called upon to decide whether plaintiff has paid and the city received the amount of the license.

It is ordered that our previous decree remain undisturbed.